UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Glendon Hill

   v.                                         Case No. 15-cv-324-JL

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

     Glendon Hill has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were obtained in violation of his rights under the United States Constitution. The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rules").

**Standard**

     In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states a facially valid claim to relief that is cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

     On June 9, 2009, Hill was convicted of three counts of aggravated felonious sexual assault. Hill was sentenced to

serve two consecutive sentences amounting to a 15 - 35 year prison term and a suspended sentence. Hill appealed his conviction to the New Hampshire Supreme Court ("NHSC"), claiming that his conviction was against the manifest weight of evidence. The NHSC affirmed his conviction on March 23, 2012. See State v. Hill, 163 N.H. 394, 396 (2012). Petitioner asserts that he has sought no other review of that conviction and sentence.

## Discussion

I.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions. See 28 U.S.C. § 2244(d)(1); McQuiggin v. Perkins, 133 S. Ct. 1924, 1929 (2013); Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012). AEDPA's one-year time limit runs from the date that the state court judgment of conviction becomes final by the conclusion of direct review, or by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); McQuiggin, 133 S. Ct. at 1929; Herbert, 695 F.3d. at 108. AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2); see also Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Herbert, 695 F.3d at 108.

Hill concedes that aside from his direct appeal, his petition here is the only motion or petition for post-conviction or collateral review he has filed. The one-year deadline established by § 2244(d)(1) during which Hill could have filed a timely § 2254 petition expired at the latest, on June 21, 2013. Hill's petition here was filed on August 11, 2015. Hill's petition, therefore, was untimely filed. As the complaint is devoid of any suggestion that Hill is entitled to equitable tolling, the Petition should be dismissed.

## II. Actual Innocence

The only remaining basis upon which Hill might avoid the limitations bar is the miscarriage of justice exception to the statute of limitations. To access that exception to the statute of limitations, a petitioner must make "a credible showing of actual innocence." McQuiggin, 133 S. Ct. at 1931. Actual innocence is an available means to raise a time-barred claim "only when a petitioner presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" Id. at 1936 (citation omitted). "Actual innocence" in this context, "means factual

3

innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). In support of his actual innocence claim, Hill provides his own sworn conclusory statement that he did not commit the crimes of which he was convicted, and that had there not been errors committed at his trial, he would not have been convicted. Those assertions are insufficient to make a credible showing of actual innocence based on new evidence.

III. Certificate of Appealability

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." § 2254 Rule 11(a). The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Hill has failed to make such a showing, the district judge should decline to issue a certificate of appealability in this case.

**Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus (doc. no. 1) should be dismissed as time-barred, and the court should decline to issue a certificate of appealability. Any objections to this Report and Recommendation

4

must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

                                        /s/ Andrea K. Johnstone
                                        Andrea K. Johnstone
                                        United States Magistrate Judge

November 20, 2015

cc:   Glendon Hill, pro se